Sun v. Sessions

BIA
Christensen, IJ
A205 436 786

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

YING SUN,
> *Petitioner,*

> v.

JEFF B. SESSIONS, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

15-3217
NAC

_____

FOR PETITIONER: Thomas V. Massucci, New York, NY.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; D. Nicholas Harling, Trial Attorney; Tatiana G. Pino, Law Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Sun, a native and citizen of the People's Republic of China, seeks review of a September 18, 2015, decision of the BIA affirming a February 6, 2014, decision of an Immigration Judge ("IJ") denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Sun,* No. A205 436 786 (B.I.A. Sept. 18, 2015), *aff'g* No. A205 436 786 (Immig. Ct. N.Y. City Feb. 6, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility ruling for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility finding on an asylum applicant's internally inconsistent testimony, as

2

well as discrepancies between an applicant's oral and written statements and between an applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. We "defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility ruling, which was based on multiple inconsistencies and omissions in Sun's testimony. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (an inconsistency and an omission are "functionally equivalent" for credibility purposes).

Sun's asylum application states that she was forced to have an IUD after her son was born in 1984, but Sun testified that she did not have an IUD prior to her 1993 abortion. Her alleged lack of memory was not a compelling explanation because Sun included the information in her asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The fact that Sun later forgot that she had an IUD removed in 1993 further undermined her testimony and justified the IJ's conclusion that she had been testifying from a script. Again, the IJ was not

compelled to accept Sun's explanation that she forgot given that her asylum claim turned on her violation of and resistance to China's family planning policy. *Id.*

The agency also reasonably relied on a discrepancy between Sun's testimony and the documentary evidence regarding the date her abortion certificate was issued. Sun testified that she received the certificate from a doctor after her abortion in 1993, kept the document in a file at her home over the years, and submitted this same document to the immigration court after her son mailed it to her from China. But the certificate she submitted was dated March 2012. Sun had no explanation at the hearing, and her current explanation that she was confused is not compelling, given her specific testimony that the document she submitted was issued in 1993, not in 2012. *Id.* These inconsistencies, all of which go to the bases of Sun's family planning claim, provide substantial evidence for the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a material inconsistency regarding past persecution may be substantial evidence of a lack of credibility).

4

Moreover, the agency's adverse credibility determination is further bolstered by Sun's confusing testimony about whether her son had been to the United States.  She first testified that he had not, then that he had—possibly to avoid inconsistency with her visa application—and then admitted that he had not and that the visa application was fraudulent.  *See*  8 U.S.C. § 1158(b)(1)(B)(iii) (inconsistencies need not relate to "heart of the claim"); *Xiu Xia Lin*, 534 F.3d at 166-67 (same).

The agency also reasonably concluded that Sun's corroborating evidence did not rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably gave little weight to the letters from Sun's husband and cousin.  *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving little weight to documents drafted by witnesses not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We generally defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Given the inconsistencies and lack of rehabilitative corroborating evidence, the totality of the circumstances

5

supports the agency's adverse credibility ruling. *Xiu Xia Lin*, 534 F.3d at 167. Because Sun's claims for relief were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6